GIRARDI | KEESE
THOMAS V. GIRARDI, SBN 36603
NICOLE F. DEVANON, SBN 284551
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone:  (213) 977-0211
Facsimile:   (213) 481-1554

Attorneys for PLAINTIFF

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| LES GAPAY, an individual; | CASE NO. 2:15-CV-09305 JAK (RAOx) |
| Plaintiffs, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1404(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| WAL-MART STORES, INC., a Corporation; DOES 1 through 100, inclusive, | Hearing Date: March 7, 2016<br>Courtroom:  750<br>District Judge:  Hon. John A. Kronstadt<br>Magistrate Judge: Hon. Rozella Oliver<br>Complaint Filed: November 2, 2015<br>Trial Date: Not Set |
| Defendants. | |

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1404(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendant WAL-MART STORES, INC. (hereinafter "Defendant") files the instant motion seeking to transfer the matter to Montana. However, Plaintiff Les Gapay (hereinafter "Plaintiff"), the individual who has suffered as a result of this incident, resides in California. He has no plans to return to Montana and no real connection to the state.

U.S.C. § 1404(a) takes into consideration the Plaintiff's right to choose where to file his or her lawsuit. In this case, Plaintiff has chosen California. Additionally, while many of the witnesses are located in Montana, there are several witnesses in California, for example Plaintiff and his treating physicians.

For these reasons, the Court should deny Defendant's motion.

## II.

## STATEMENT OF FACTS

On August 24, 2014, Plaintiff was in Montana on a trip. He was considering relocating to Montana and had gone there in order to determine if it was a good fit. (Complaint ¶4;19).On the evening of August 24, 2014, at approximately 11:00 pm Plaintiff was walking out of Walmart located at 3555 Mullan Road in Missoula, Montana. (Complaint ¶4-5). Sean Mareau was in Walmart with two other individuals, Lehner and Thomas. (Complaint ¶11). The three of them were shoplifting from Walmart. (Complaint ¶12). Upon exiting the store, Lehner approached Plaintiff and asked him to shake his hand. (Complaint ¶6). Plaintiff declined and Lehner began punching him in the chest.(Complaint ¶6). Plaintiff told Lehner he was going to call the police and reached for his cell phone. (Complaint ¶7). Sean Marceau then ran up behind Plaintiff and began punching him in the right eye. (Complaint ¶8). Marceau pushed him down and ran off.   (Complaint ¶9). As Plaintiff lay on the pavement, Lehner and Thomas returned and Lehner began kicking Plaintiff in the ribs and attacking a bystander. (Complaint ¶10).

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1404(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiff immediately experienced severe pain, vision loss and bleeding in his right eye. (Complaint ¶ 8). There were no security guards inside Walmart, outside of Walmart, or its in parking lot. (Complaint ¶13). This particular Walmart had a history of violence including numerous assaults, batteries and other violent crimes that have taken place in the parking lot and immediate vicinity. (Complaint ¶14).  Defendant knew or should have known that there was a high risk of violence at Walmart and in its parking lots. (Complaint ¶ 16). Defendant should have known of the risk posed by Thomas, Lehner, and Marceau who were actively engaging in criminal activity inside Walmart just prior to attacking Plaintiff. (Complaint ¶ 17).

Now, Plaintiff is blind in one eye. (Complaint ¶ 15). Plaintiff has undergone one surgery and will need another surgery to have the damage eye removed and a prosthetic implanted. (Complaint ¶ 15).  He is at risk for complete blindness. (Complaint ¶ 15).

### III.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.  28 U.S.C. § 1404(a) is intended to place discretion in District Court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness; motion to transfer under § 1404 thus calls on District Court to weigh number of case-specific factors. *Stewart Org., Inc. .v Ricoh Corp.,* 487 U.S. 22 (1988).

Convenience of parties and witnesses did not weigh in favor of transfer under 28 U.S.C. § 1404(a) where moving party asserted that witnesses it needed to call and much of evidence was located in different forum, but did not contend that forum selected by plaintiff wherein defendant maintained its place of business was inconvenient forum and where plaintiff asserted that witnesses it would need to examine were located in chosen forum. *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co.,* 592 F.2d 364 (7th Cir. 1979), cert denied, 444 U.S. 829.

///

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1404(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# IV.

## ARGUMENT

Plaintiffs are given the right to choose where to file their lawsuit. While this right is not absolute it does deserve consideration, even if other venues are available. "28 U.S.C. § 1404(a) was not intended to defeat plaintiff in right of bringing his action in such forum as he deemed proper, and wherever possible, consideration ought to be given to choice of his forum." *Walter v. Walter,* 235 F.Supp. 146 (W.D.P. 1964). While the instant action could have been filed in Montana, Plaintiff has no connection to Montana. He does not currently reside there and has no intention of returning. Rather, Plaintiff resides in Riverside, California. Defendant in this case does business all over the country including Montana and California. It was Plaintiff's choice to bring this action in California.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404 (a) . While there are witnesses in Montana there are also witnesses in California. Plaintiff and several of his treating physicians reside in California. Thus, depositions will have to be conducted in California regardless of where the action is venued. It is in the interest of Plaintiff and some of the witnesses, his treating physicians in California, that the action be venued in California.

# V.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny the instant motion.

4

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1404(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

DATED:  December 28, 2015          GIRARDI | KEESE


By:      /s/ Nicole F. De Vanon
         NICOLE F. DE VANON
         Attorneys for Plaintiff

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1404(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**