UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV15-09305 JAK (RAOx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | Les Gapay v. Wal-Mart Stores, Inc. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO TRANSFER VENUE (DKT. 7);

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES (DKT. 8);

DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A VALID CLAIM FOR PUNITIVE DAMAGES (DKT. 9)   JS-6

### I. Introduction

Les Gapay ("Plaintiff") brought this action against Wal-Mart Stores, Inc. ("Defendant") in the Los Angeles Superior Court. Dkt. 1-1. Defendant removed on the basis of diversity jurisdiction. Dkt. 1. The Complaint advances three claims against Defendant arising from an alleged assault of Plaintiff by certain non-parties that occurred outside of a Wal-Mart store in Missoula, Montana. The claims are:
(i) Negligence; (ii) Premises Liability; and (iii) Negligent Infliction of Emotional Distress. Dkt. 1-1.

On December 4, 2015, Defendant filed three motions: (i) Motion to Transfer Venue to the District of Montana pursuant to 28 U.S.C. § 1404(a) ("Transfer Motion") (Dkt. 7); (ii) Motion to Dismiss for Failure to Join Indispensable Parties pursuant to Fed. R. Civ. P. 12(b)(7) ("Joinder Motion") (Dkt. 8); and (iii) Motion to Dismiss for Failure to State a Claim for Punitive Damages pursuant to Fed. R. Civ. P. 12(b)(6) ("Punitive Damages Motion") (Dkt. 9), (collectively, "Motions"). Plaintiff filed a separate opposition as to each Motion (Dkt. 13, 14, 15) and Defendant replied (Dkt. 16, 17, 18). A hearing on the Motions was held on March 7, 2016, and the matters were taken under submission. Dkt. 20. For the reasons stated in this Order, the Transfer Motion is **GRANTED**, and rulings on both the Joinder Motion and Punitive Damages Motion are reserved for consideration by the District Court in Montana to which this action shall be transferred.

### II. Factual Background

The Complaint alleges that, on or about August 24, 2014, at approximately 11:00 p.m., Plaintiff exited a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-09305 JAK (RAOx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | Les Gapay v. Wal-Mart Stores, Inc. | | |

Wal-Mart store in Missoula, Montana. Dkt 1-1 ¶¶ 1, 2, 4. Plaintiff was in the parking lot immediately adjacent to the store when he was allegedly approached by two men, later identified as Michael Lehner ("Lehner") and Albert Thomas ("Thomas"). *Id.* ¶ 5. The Complaint alleges that Lehner asked to shake Plaintiff's hand, but Plaintiff refused. *Id.* ¶ 6*.* Thereafter, Lehner and Thomas attacked Plaintiff by punching him in the chest. *Id.* The Complaint alleges that Plaintiff attempted to call the police, which caused Lehner and Thomas to run away. *Id.* ¶ 7. However, the Complaint alleges that, while Plaintiff was making the call, a third assailant -- Sean Marceau ("Marceau") -- approached Plaintiff and began punching his head. *Id.* ¶¶ 7, 8. As a result of the incident, Plaintiff sustained serious injuries, including abrasions to his face, knees and hands, injured ribs, blindness in his right eye and a risk of blindness in his left eye. *Id.* ¶ 15. The three alleged assailants ("Assailants") were arrested, prosecuted and convicted in Montana for the assault of Plaintiff. Dkt. 9-1 at 3.

The Complaint alleges that the Assailants had engaged in shoplifting inside the Wal-Mart store before they left and attacked Plaintiff. *Id.* ¶¶ 12, 17*.* The Complaint also alleges that Defendant knew or should have known that there was a high risk of violence at this store given the history of other similar incidents there and because the Assailants had engaged in shoplifting before attacking Plaintiff. *Id.* ¶¶ 14, 16, 17. The Complaint alleges that there were neither security guards nor law enforcement personnel inside or outside the store at the time of the attack. *Id.* ¶ 13.

### III.     Analysis

####     A.     Legal Standard for Motion to Transfer Venue

28 U.S.C § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A district is one in which the action "might have been brought" so long as, when the complaint was filed, the plaintiff had a right to sue in that district. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation mark omitted). The moving party bears the burden of demonstrating that transfer is appropriate. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). *Jones* established several criteria that district courts may consider in determining whether a moving party has met this burden:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-09305 JAK (RAOx) | Date | March 9, 2016 |
| Title | Les Gapay v. Wal-Mart Stores, Inc. | | |

*Id.* at 498-99. The relevant public policy of the forum state, if any, may also be a consideration. *Id.* at 499. "[T]hese factors cannot be mechanically applied to all types of cases" and should be considered "under the statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005).

    **B.**     **Application**

Plaintiff agrees that the District of Montana is a venue in which this case "might have been brought." Dkt. 7-1 at 5; Dkt. 14 at 4. The parties dispute the appropriate application of the remaining, relevant *Jones* factors. These are considered in the following discussion.

    1.     <u>Convenience of Parties</u>

Plaintiff resides in the Central District of California. Therefore, this forum is more convenient to him than the District of Montana. Dkt. 1-1, ¶ 19. Plaintiff's counsel is also located here. Defendant's corporate office headquarters is located in Bentonville, Arkansas. Dkt. 1-3. It is a Delaware corporation. *Id.* However, it has retail stores in both California and Montana. *Id.*; Dkt. 1-1, ¶ 20. Because the alleged assault occurred in Montana, Defendant argues it will impose a greater burden on both parties to litigate in California. Dkt. 7-1 at 6. However, on balance, this factor weighs against transfer. Plaintiff is a natural person, whose physical well-being has been compromised, and who has and will continue to receive medical treatment in California. Travel to Montana for hearings and trial may well be burdensome. Defendant "is a nationwide corporation with ample resources to litigate in a distant court." *Hammond v. Wal-Mart Stores, Inc.*, 2011 WL 1668209, at *8 (E.D. Cal. May 2, 2011).

    2.     <u>Convenience of Witnesses</u>

The convenience of witnesses is accorded significant weight in determining whether a transfer is appropriate. *See, e.g., Denver & Rio Grande W. Ry. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 560 (1967) ("[V]enue is primarily a matter of convenience of litigants and witnesses."); *A.J. Indus., Inc. v. U.S. District Court*, 503 F.2d 384, 386-87 (9th Cir. 1974) (discussing the importance and history of the convenience of witnesses in evaluating a § 1404 transfer). "[I]f the transfer is for the convenience of witnesses, defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005); *see also Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007) ("The movant is obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." (quoting *Fireman's Fund Ins. Co. v. Nat'l Bank for Cooperatives*, 1993 WL 341274, at *4 (N.D. Cal. Aug. 27, 1993))).

Defendant contends that most potential witnesses reside in Montana. These include: (i) the law enforcement officers who responded to and documented the incident; (ii) medical personnel and paramedics who treated Plaintiff shortly after the incident; (iii) custodians of records for those that relate to the incident, including the medical providers in Montana; (iv) the Assailants; and (v) those who are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-09305 JAK (RAOx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | Les Gapay v. Wal-Mart Stores, Inc. | | |

knowledgeable about the operation and management of the Wal-Mart store at the time of the incident.

Plaintiff responds that "[w]hile there are witnesses in Montana there are also witnesses in California," including Plaintiff and those who have been, and will continue to be, his treating physicians. Dkt. 14 at 4. Of course, witnesses who do not reside in the District in which an action is pending may be deposed where they live. And, deposition testimony may be used at trial if such a witness is unavailable because he or she is beyond the subpoena power of the trial court. Fed. R. Evid. 804(b)(1).

An application of common sense shows that, based on the present circumstances, the majority of potential witnesses reside in Montana. It would be inconvenient for them to travel to California for trial, just as it would be inconvenient for Plaintiff to travel to Montana for that purpose. However, imposing that burden on the party who initiated the litigation and who seeks a remedy, is appropriate. Therefore, because there are more likely percipient witnesses in Montana, this factor weighs in favor of transfer. *See Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009) (convenience weighed in favor of transfer to forum where majority of potential witnesses were located); *Arete Power, Inc. v. Beacon Power Corp.*, 2008 WL 508477, at *9 (N.D. Cal. Feb. 22, 2008) ("But as [plaintiff's] witnesses do not reside in this district, they would be inconvenienced by travel regardless of where the case is tried.").

      3.      <u>Interests of Justice</u>

           a)      *Jones* Factor 3: Plaintiff's Choice of Forum

Plaintiff's argument against transfer relies almost exclusively on this factor. Dkt. 14 at 4. There is a strong presumption against transfer from the forum that a plaintiff has chosen. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). "Unless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed." *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). However, this presumption may be rebutted if the chosen forum lacks a significant connection to the matters that form the basis for the claims advanced in the action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration."); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001).

As discussed in more detail below, all of the alleged actions that form the basis for Defendant's alleged liability occurred in Montana. Plaintiff has not identified any specific interest, beyond his own preference, to select the present forum. For these reasons, this factor provides some weight against transfer, but is not dispositive. Plaintiff can travel to Montana for trial. He may also be able to arrange for his treating physicians to do so, or with the leave of the Montana District Court, have them testify by live video.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-09305 JAK (RAOx) | Date | March 9, 2016 |
| Title | Les Gapay v. Wal-Mart Stores, Inc. | | |

        b)      *Jones* Factor 4: The Parties' Contacts with the Forum

Plaintiff has substantial contacts with this District; he resides here. He also received follow up medical treatment here. Plaintiff asserts that Defendant has contact with both Districts because it "does business all over the country including Montana and California." Dkt. 14 at 4. Defendant has not disputed this contention. Plainly, Plaintiff had some connection to Montana at the time of the incident. He had travelled there, and was considering a possible move to that state. Dkt. 7-1 at 8; Dkt. 14 at 2. However, it is not disputed that Plaintiff has decided to remain in California. Therefore, on balance this factor weighs slightly against transfer.

        c)      *Jones* Factor 5: Contacts Relating to Plaintiff's Action

It is undisputed that all alleged acts and omissions giving rise to Plaintiff's claims occurred in Montana. Plaintiff does not present any facts or arguments to show that his claims are related to this District other than that his treating physicians are located here. Under these circumstances, this factor provides substantial weight in favor of transfer.

        d)      *Jones* Factor 6: Comparative Costs

To support transfer, there must be actual cost savings to the other forum and not mere shifting of the costs between parties. *See, e.g.*, *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1083-84 (C.D. Cal. 2002). A consideration of this factor ordinarily involves an assessment of the location of percipient witnesses. *See, e.g.*, *Italian Colors Rest. v. Am. Express Co.*, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003) ("Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions.").

Defendant contends that it will be "significantly more expensive and time consuming for all parties to litigate in California as opposed to Montana." Dkt. 7-1 at 7. Defendant notes that, with the exception of certain treating physicians, all non-party witnesses reside in Montana. Thus, Defendant argues that litigating in California would result in the following costs: (i) flying all parties to Montana for depositions; (ii) increased expense and burden of subpoenaing relevant records from Montana; and (iii) flying all key witnesses from Montana to California should the matter go to trial. *Id.* In opposition, Plaintiff contends that because some witnesses are in California, some depositions would have to be taken here.

Although any witness may be deposed in the District where he or she resides even if the action is pending elsewhere, there are likely to be greater collective costs if this matter is litigated in this District. Live witness testimony is often more effective at trial than deposition testimony. That consideration alone shows that greater costs are likely to be incurred if the case is litigated here. The same is true as to witnesses who may be deposed with respect to medical or law enforcement records that are maintained in Montana. For all of these reasons, this factor offers some weight in favor of transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-09305 JAK (RAOx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | Les Gapay v. Wal-Mart Stores, Inc. | | |

e) *Jones* Factor 7: Availability of Compulsory Process to Compel Witnesses

"In the Ninth Circuit, the availability of compulsory process to compel attendance of non-party witnesses in the transferee district favors transfer." *Eclipse IP LLC v. Volkswagen Grp. of Am., Inc.*, 2013 WL 9935572, at *4 (C.D. Cal. May 10, 2013). Pursuant to Fed. R. Civ. P. 45(c)(1)(A), a district court may compel a witness's attendance at trial through issuance of a subpoena "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Consequently, every witness identified by the parties here -- excluding only Plaintiff's current treating physicians -- are beyond the subpoena power of this District. Moreover, transferring the action to a venue that is significantly closer to most of the potential witnesses may increase the likelihood that the witnesses will appear voluntarily to testify at trial. Plaintiff has not addressed these benefits of transfer. On balance, this factor weighs in favor of transfer.

f) *Jones* Factor 8: Ease of Access to Sources of Proof

"If [a] motion [to transfer venue] is based on the location of records and documents, the movant must show particularly the location, difficulty of transportation, and the importance of such records." *Bohara*, 390 F. Supp. 2d at 963. Furthermore, most business records are now maintained in electronic form. Therefore, this factor may have less force. *See Metz*, 674 F. Supp. 2d at 1149. Defendant argues that all documents relevant to Plaintiff's claims are located in Montana, including: (i) law enforcement reports and other contemporaneous evidence about the incident; (ii) documents regarding the Assailants' arrests and criminal prosecutions; (iii) many of the medical records related to Plaintiff's medical treatment; (iv) documents relating to Defendant's alleged ownership, control and maintenance of the area where the incident occurred; and (v) documents that may support or refute Plaintiff's allegation that, at the time of the incident, there was a "history of violence" at the Wal-Mart store in Montana. Dkt. 7-1 at 7. Defendant also argues that the parties will likely need to retain safety, security and/or retail experts to inspect the premises related to the incident. *Id*. This will require their presence in Montana.

Defendant has not shown why the evidence referred to above, or gathered through a site inspection, cannot readily be brought to California. Many of the records related to Defendant's store are "in the custody of [D]efendant and accordingly their transportation, if necessary, would not likely cause [D]efendant any hardship." *Johnson v. Wal-Mart Stores, Inc.*, 2010 WL 2902386, at *4 (E.D. Cal. July 22, 2010). Moreover, Defendant has not shown that any of these documents is not stored in an electronic form making them easy to access and transport. Finally, even if the parties were to retain experts to inspect the site in Montana, those witnesses could travel to California. To be sure, that may result in greater costs, assuming that those retained reside in Montana. It is also uncertain whether either or both parties will engage such experts, or if either did so, a site visit, as opposed to the inspection of photographs or videos of the location, would be needed. On balance, this factor is neutral.

g) Applicable Public Policy of Forum State

Defendant argues that a transfer here will promote "judicial efficiency and economy because it will allow the District of Montana to oversee a case that should have been brought [there] in the first place," and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-09305 JAK (RAOx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | Les Gapay v. Wal-Mart Stores, Inc. | | |

because it will "avoid further congesting the docket of the Central District of California," described as "one of the busiest districts in the country." Dkt. 16 at 5 (citing *In re Air Crash Over Taiwan Straights on May 25, 2002*, 331 F. Supp. 2d 1176, 1202 (C.D. Cal. 2004)). Court congestion is a factor that may support the transfer of litigation. *Decker*, 805 F.2d at 843. However, Defendant has not shown that a busy docket in this District will prolong the litigation or have any other adverse effect. Moreover, even if it had done so, this factor ordinarily is given little, if any weight. *See In re Air Crash*, 331 F. Supp. 2d at 1203 ("Congestion, however, is afforded little weight in assessing the public interest factors."). For these reasons, this factor is neutral.

\*         \*         \*

A balancing of all of the applicable factors shows that the transfer of this action to the District of Montana is appropriate. The most significant factor that weighs against transfer is Plaintiff's choice of this forum and his current medical condition. However, that alone is not sufficient to outweigh the other factors that warrant transfer. Further, at the hearing, Plaintiff's counsel stated that there are no present limitations on Plaintiff's ability to travel.

### IV. Conclusion

For the reasons stated in this Order, Defendant's Motion to Transfer Venue is **GRANTED** and its Motions to Dismiss are reserved for determination by the District Court in Montana.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |