

**United States District Court**
Central District of California
**Office of the Clerk**

**Jeffrey S. Thomason**
Acting Chief Probation and Pretrial Services Officer
255 East Temple Street, Suite 1410
Los Angeles, CA 90012

**Cristina M. Squieri Bullock**
Chief Deputy of Administration
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Sara Tse Soo Hoo**
Chief Deputy of Operations
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

**Kiry K. Gray**
District Court Executive / Clerk of Court
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

August 6, 2021

Nicole Francine DeVanon
Kiesel Law LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Email: devanon@kiesel.law

Thomas Vincent Girardi
Girardi Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017
Email: tgirardi@girardikeese.com

Bron E D'Angelo
Pettit Kohn Ingrassia and Lutz PC
9841 Airport Boulevard Suite 1100
Los Angeles, CA 90045
Email: bdangelo@pettitkohn.com

Re:   *Les Gapay v. Wal-Mart Stores Inc.,*
      2:15-CV-09305 JAK (RAOx)

Dear Ms. DeVanon, Mr. Girardi, and Mr. D'Angelo:

I have been contacted by Judge Kronstadt who presided over the above-mentioned case, which is now closed.

Judge Kronstadt informed me that it has been recently brought to his attention that, while he presided over the case, he owned stock in Walmart. His ownership of stock neither affected nor impacted his decisions in this case. However, the stock ownership would have required recusal under the Code of Conduct for United States Judges. Therefore, Judge Kronstadt directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

**Eastern Division**
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Southern Division**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701

Ms. DeVanon, Mr. Girardi, and Mr. D'Angelo
August 6, 2021
Page 2 of 2

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after oral argument before a Court of Appeals, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Kronstadt's disclosure of a conflict in this case, including any request to reopen the case. Should you wish to respond, please submit your response by filing it on the docket on or before September 8, 2021. Any response will be considered by another judge of this District without the participation of Judge Kronstadt.

Sincerely,

Kiry K. Gray

Kiry K. Gray
District Court Executive/Clerk of Court